# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Steve Swisher,
individually and on behalf of all similarly
situated individuals, and

Scott H. Finger,
individually and on behalf of all similarly
situated individuals,

                Plaintiffs,

v.

MetLife Home Loans, and

MetLife Bank, N.A.

File No. 12-cv-133 (MJD/TNL)

**REPORT &
RECOMMENDATION**

---

Charles G. Frohman and Michele R. Fisher, Nichols Kaster, PLLP, 80 South Eighth Street, Suite 4600, Minneapolis, MN 55402-2242 (for Plaintiffs); and

Christopher K. Ramsey, Morgan Lewis & Bockius LLP, 1 Oxford Centre, Thirty-Second Floor, 301 Grant Street, Pittsburgh, PA 15219-6401; Peter D. Gray and Joseph G. Schmitt, Nilan Johnson Lewis, PA, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402 (for Defendants).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, for a report and recommendation to the United States District Court Judge on Defendants' Motion to Dismiss, Stay or Transfer (Docket No. 21). *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.1.

In conjunction with their response to Defendants' motion, Plaintiffs have filed Plaintiffs' Motion to Amend the Complaint (Docket No. 48).

A hearing took place concerning both motions on April 25, 2012. Charles G. Frohman appeared on behalf of Plaintiffs. Christopher K. Ramsey appeared on behalf of Defendants.

## I.

### A. Factual Background

Defendants sell mortgage loans and other financial products across several states, including Minnesota and New York. (Am. Compl., ¶¶ 20-21 (Docket No. 12).) Plaintiffs Steve Swisher and Scott Finger worked as loan officers for Defendants selling mortgage loan products. (Am. Compl., ¶ 26.) Plaintiffs bring this action on behalf of themselves and those similarly situated for unpaid overtime both as a collective action encompassing all loan officers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 *et seq.*, and a class action under Fed. R. Civ. P. 23 for violations of New York state law, N.Y. Labor Law §§ 650 *et seq.*, for those loan officers working in the State of New York.

In their Amended Complaint filed on February 3, 2012, Plaintiffs contend that they were improperly classified as "exempt" employees and regularly required to work more than 40 hours in a workweek without overtime compensation. (Am. Compl., ¶¶ 28-30.) Plaintiffs allege that Defendants' conduct violated the FLSA and propose the following collective class of injured employees: "All persons who worked as loan officers or similar job titles for Defendants at any time three years to the date the Complaint was filed through the present." (Am. Compl., ¶ 39.)

### B.  Motion to Dismiss

In lieu of filing an answer to the Amended Complaint, Defendants moved to dismiss, or alternatively stay or transfer, this action pursuant to the first-filed rule based on a putative class action pending in the United States District Court for the Central District of California, Southern Division, involving claims by loan officers employed by Defendants for failure to pay overtime under the FLSA and other wage and employment-related claims under California law.  (Mot. to Dismiss (Docket No. 21).)  *See Cerami v. MetLife, Inc.*, No. 8:11-cv-00681 (CJC/MLG) (C.D. Cal.).[1]   The proposed FLSA collective class in the *Cerami* action is defined as follows:

> All persons who are, or have been, employed by the Defendants METLIFE, INC., METLIFE BANK, N.A., and METLIFE HOME LOANS, INC. in the United States to sell and/or assist in selling and/or to market and/or assist in marketing home loans and other related financial products to the public on their behalf within the applicable statutory periods.

(Schmitt Decl., Ex. A at 9-10 (Docket No. 24-1).)  Plaintiffs oppose the motion.  (Pls.' Resp. (Docket No. 46).)

### C.  Motion for Leave to Amend

In conjunctions with their opposition to Defendants' motion to dismiss, Plaintiffs have filed a motion seeking leave to amend their Amended Complaint in order to "limit[] the collective class to the named Plaintiffs and opt-in Plaintiffs who have already joined this action and dismissing their Federal Rule of Civil Procedure 23 [New York state-law]

---

[1] The parties identify two additional cases: one pending before the same district court judge presiding over the *Cerami* action, *Miner v. MetLife Bank NA*, No. 2:11-cv-04038 –CJC-MLG (C.D. Cal.), and another filed in the United States District Court for the Eastern District of New York, *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, No. 2:12-cv-00366-ADS-WDW (E.D. N.Y.).  (Defs.' Mem. at 2 n.1; Pls.' Resp. at 3, 3 n.1.)

class claims." (Pls.' Mem. in Supp. at 1 (Docket No. 50).) Defendants oppose the

motion. (Defs.' Resp. at 1-4 (Docket No. 58).)

## II.

### A. First-Filed Rule

"The well-established rule is that in cases of concurrent jurisdiction, 'the first

court in which jurisdiction attaches has priority to consider the case.'" *U.S. Fire Ins. Co.*

*v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (quoting *Orthmann v.*

*Apple River Campground Inc.*, 765 F.2d 119, 121 (8th Cir.1985)). "The purpose of this

[first-filed] rule is to promote efficient use of judicial resources." *Orthmann*, 765 F.2d

119, 121; *see also Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir.

1993) ("To conserve judicial resources and avoid conflicting rulings, the first-filed rule

gives priority, for purposes of choosing among possible venues when parallel litigation

has been instituted in separate courts, to the party who first establishes jurisdiction.");

*Clergy Fin., LLC v. Clergy Fin. Servs., Inc.*, No. 08-5838 (MJD/JJG), 598 F. Supp.2d

989, 993 (D. Minn. 2009) ("The rule reflects a federal policy against duplication of

litigation and in favor of efficient use of judicial resources.").

"The prevailing standard is that in the absence of compelling circumstances, the

first-filed rule should apply." *U.S. Fire Ins. Co.*, 920 F.2d at 488-89 (quotation and

citation omitted). The first-filed rule, however, should not be rigidly or mechanically

applied, but "in a manner serving sound judicial administration." *Orthmann*, 765 F.2d at

121. Its application rests within the Court's discretion, *Nw. Airlines, Inc.*, 989 F.2d at

1005, and allows the Court the discretion to dismiss or transfer the later filed action.

*Watson v. Homecomings Financial, LLC*, No. 09-859 (DWF/JJG), 2009 WL 3517837, at * 1 (D. Minn. Oct. 23, 2009); *Slidell, Inc. v. Archer Daniels Midland Co.*, No. 2-4841 (MJD/JGL), 2003 WL 22050776, at * 4 (D. Minn. Sept. 2, 2003).

    **B. Analysis**

    There is no dispute that the *Cerami* action was filed prior to the instant case.  (*See* Pls.' Resp. at 1-3, 7.)  Accordingly, the Court turns to the question of whether this case and the *Cerami* action are parallel litigation.  *See Allan Block Corp.*, 2006 WL 1371659, at *2.

    "A prerequisite to application of the first-filed rule is that the litigation be 'parallel.'"  *Pragmatic C Software Corp. v. Antrim Design Sys., Inc.*, No. 02-2595 (JRT/FLN), 2003 WL 244804, at *2 (D. Minn. 2003).  "Generally, two cases are considered to be 'parallel' when they involve essentially identical or substantially similar parties and issues."  *LDM Group, LLC v. Catalina Mktg. Corp.*, No. 4:08CV01425, 2009 WL 1797873, at *2 (E.D. Mo. 2009) (noting "the Eighth Circuit has not set forth a precise definition of 'parallel litigation'" and looking to other Circuit courts for guidance); *see also Pragmatic C Software Corp.*, 2003 WL 244804, at *2 ("There is little guidance in the Eighth Circuit as to what constitutes 'parallel' litigation.").  "To determine whether the same issues are present in two concurrent federal actions, the court does not require a precise identity of issues.  Rather, the focus is whether there is a danger of inconsistent results and a duplication of judicial proceedings."  *Allan Block Corp.*, 2006 WL 1371659, at *2.

Defendants assert that this action is duplicative of the *Cerami* action based on the alignment of parties and issues.  In support of their argument, Defendants point out that each action involves (1) claims for unpaid overtime; (2) the same defendant-employers, Defendants MetLife Home Loans and MetLife Bank, N.A.[2]; and (3) the same putative class of plaintiff-employees who were employed by Defendants as "loan officers or employees with similar job titles during the relevant time period."  (Defs.' Mem. at 7 (Docket No. 23).)  Defendants contend that there are no compelling circumstances that warrant disregarding the first-filed rule and "allowing two courts to adjudicate the same issues—whether loan officers should be allowed to proceed collectively, and, if so, whether they were properly classified as exempt from overtime—would both impede judicial efficiency and run a significant risk of conflicting judgments."  (Defs.' Mem. at 9-10.)

Plaintiffs counter that this action is not duplicative of the *Cerami* action, citing differences between the parties.  (Pls.' Resp. at 7-8.)  In support of their argument, Plaintiffs rely heavily on their pending motion to amend.  Plaintiffs assert that, because they "are moving to amend their Complaint to limit its scope to those individuals who have opted-in to [this lawsuit] to date," they "no longer seek to represent the same collective class plead[ed] in the *Cerami* action."  (Pls.' Resp. at 7.)  Plaintiffs also distinguish this case from the *Cerami* action by noting that there are no pending FLSA collective or Rule 23 class certification motions in the *Cerami* action; apart from the

---

[2] The *Cerami* action also names MetLife, Inc. as a defendant.  (Scmitt Decl., Ex. A at 1.)  Defendant MetLife Bank, N.A., is a subsidiary of MetLife, Inc.  (Defs.' Mem. at 7 n.2; Schmitt Decl., Ex. A at 7.)

named plaintiff, no one has joined in the *Cerami* action; over 100 plaintiff-employees have already joined this case; and, based on the discussion of Plaintiffs' counsel with Cerami's counsel, the *Cerami* action is at an "apparently advanced stage."  (Pls.' Resp. at 7-8.)

### 1.  Parallel Nature of the Litigation

The instant matter and the *Cerami* action both seek to litigate whether loan officers working for Defendants were properly classified as exempt from the FLSA's overtime payment provisions.  As evident by their complaints, the named plaintiffs in both of these cases contemplated a nationwide collective class—thereby encompassing all other loan officers working for Defendants—for their FLSA claims.  The core FLSA legal questions in each case are therefore parallel to one another.

Plaintiffs' own arguments highlight the congruency of this case with the *Cerami* action.  Plaintiffs contend:

> *Recognizing that Cerami sued out a nationwide collective action and will seek the distribution of notice to a nationwide collective class* (for settlement purposes or otherwise), *Plaintiffs are moving to amend their Complaint to limit its scope* to those individuals who have opted-in to date. Plaintiffs are also withdrawing their Rule 23 claims, and will not seek to distribute notice of either a collective or class action to any other putative class members.  *Consequently, Plaintiff's no longer seek to represent the same collective class plead[ed] in the* Cerami *action.*

(Pls.' Resp. at 7 (emphasis added).)  This argument relies on the present parallel nature of these two lawsuits.  In essence, Plaintiffs have conceded that, but for a favorable ruling

on their pending motion to amend, the putative collective class in this case and the *Cerami* action overlap.

Similarly, Plaintiffs' argument that "[this] collective has already been established, where the *Cerami* class/collective has yet to be determined" is unavailing. Neither lawsuit has an existing, certified collective class, nor a pending motion for certification of a collective class. While it is true that more individuals have elected to participate in Plaintiffs' action at this time, the relevant collective class has not yet been determined. Plaintiffs' proposed collective class has not been conditionally certified, the first step of a two-step process this District employs to determine whether a class should be certified under the FLSA. *See Cruz v. Lawson Software, Inc.*, No. 08-5900 (MJD/JSM), 764 F. Supp.2d 1050, 1056 (D. Minn. 2011) (discussing two-step collective certification process); *Burch v. Qwest Commc'ns Int'l, Inc.*, No. 06-3523 (MJD/AJB), 500 F. Supp.2d 1181, 1186 (D. Minn. 2007) (same); *see also Parker v. Rowland Express, Inc.*, No.06-4821 (RHK/AJB), 492 F. Supp.2d 1159, 1163 (D. Minn. 2007) ("The power to authorize notice [under the FLSA], however, is to be exercised only in appropriate cases, and remains within the discretion of the district court." (quotation omitted)). Thus, Plaintiffs' putative collective class is no more established than the *Cerami* putative collective class.

The Court is also not persuaded by Plaintiffs' argument that the *Cerami* action is nearing settlement, they have not been involved in any of the negotiations, and therefore have "no basis to assess the fairness of any settlement." (Pls.' Resp. at 46.) First, the *fairness* of any FLSA settlement is ultimately a determination for the Court. *See, e.g.*, *McInnis v. Ecolab Inc.*, No. 11-02196 (SRN/JJK), 2012 WL 892187, at *2 (D. Minn.

Feb. 17, 2012) ("[A]s long as the Court is satisfied that a settlement reached in adversarial proceedings represents a fair compromise of a bona fide wage and hour dispute [under the FLSA], the settlement may be approved, and stipulated judgment entered."), *adopting report and recommendation*, 2012 WL 892192 (D. Minn. Mar. 15, 2012); *see also Miles v. Ruby Tuesday, Inc.*, No. 1:11cv135, 799 F. Supp.2d 618, 622-23 (E.D. Va. July 20, 2011) ("[T]he reason judicial approval is required for FLSA settlements is to ensure that a settlement of an FLSA claim does not undermine the statute's terms or purposes."); *Simon v. Leaderscape LLC*, No. 06-80797-CIV-RYSKAMP/VITUNAC, 565 F. Supp.2d 1332, 1336 (S.D. Fla. 2008) ("[C]laims for unpaid overtime wages under the Fair Labor Standards Act ('FLSA'), 29 U.S.C. § 201 *et seq.*, may be settled or compromised only with the approval of the Court or the Secretary of Labor.").

Second, because Plaintiffs fall into *Cerami*'s putative collective class, they will receive notice of any settlement and have the opportunity to discuss with counsel whether they should opt into the *Cerami* action and take part in any settlement. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 475 (E.D. Cal. 2009) (requiring notice of FLSA settlement to "include the requisite 'opt-in' procedures for the release of the FLSA claims"). Thus, despite Plaintiffs' contention that this "appears to be an effort to wrap Plaintiffs' claims into a settlement that is being negotiated without their involvement," (Pls.' Resp. at 12), Plaintiffs are neither required

to join nor accept a settlement reached in the *Cerami* action.  But the fact that Plaintiffs may ultimately elect not to participate in the *Cerami* action does not diminish the need for this Court to further the efficient and orderly administration of justice by reducing the potential for inconsistent rulings and avoiding duplication of judicial proceedings.

In addition, the presence of New York state-law claims by some of the Plaintiffs in this case does not sufficiently distinguish it from the *Cerami* action.   The federal court sitting in California is just as capable as this Court sitting in Minnesota of resolving these "foreign" state-law claims.  *See Hughes v. Wal-Mart Stores, Inc.*, 250 F. 3d 618, 620 (8th Cir. 2001) ("A federal district court is faced almost daily with the task of applying some state's law other than that of the forum state . . . ."); *see also Palmer v. Stassinos*, 419 F. Supp.2d 1151, 1155 (N.D. Cal. 2005) ("When reviewing issues of state law, a federal court is bound to follow the decisions of a state's highest court in interpreting that state's law." (quotation omitted)).

## 2.  Absence of Compelling Circumstances

Finally, neither of the Eighth Circuit's compelling circumstances warranting a departure from the first-filed rule is present here.  These two "red flags," identified by the Eighth Circuit in *Northwest Airlines*, are (1) one party's notice that the other was considering filing suit against it, and (2) an action for declaratory judgment which essentially functions as a preemptive strike by one party against the other.  898 F.2d at 1007; *see also Riedell Shoes, Inc. v. adidas AG*, No. 11-251 (MJD/AJB), 2011 WL 1868180, at *3 (D. Minn. May 16, 2011).  This is not a declaratory judgment action.  Plaintiffs have represented to this Court that they were simply unaware of the *Cerami*

action at the time this case was filed.  (Pls.' Resp. at 1.)  There is no evidence that any party was trying to race the other to the courthouse.  There is no evidence of forum shopping—each case has a named plaintiff residing in the state in which the matter was brought.  (*See* Am. Compl., ¶¶ 11; Schmitt Decl., Ex. A at 6-7.)

Therefore, given the parallels between the instant case and the *Cerami* action and the absence of compelling circumstances warranting a departure from the first-filed rule, the Court concludes that the first-filed rule should be applied to this case.

## C.  Disposition of "Second-Filed" Case

Having concluded that the first-filed rule applies, the disposition of this "second-filed" case rests within this Court's discretion.  *See Watson*, 2009 WL 3517837, at * 1; *Slidell*, 2003 WL 22050776, at * 4.  Defendants have moved for dismissal; alternatively, Defendants request a stay of this case or transfer to the Central District of California, Southern Division, where the *Cerami* action is pending.  (Defs.' Mem. at 5, 10-12.)  In opposing Defendants' motion to dismiss, Plaintiffs likewise request that this matter be stayed or transferred in lieu of being dismissed.  (Pls.' Resp. at 8-12.)

Given the significant number of individuals who have already opted into this case (*see* Pls.' Resp. at 1; Docket Nos. 2-3, 6-11, 13-20, 26-30, 32-33, 35-45) and the opportunity each employee has to choose for him or herself whether to participate in a particular collective action brought under the FLSA, *see* 29 U.S.C. § 216(b), dismissal is not warranted here.  This Court agrees with Defendants, however, that "[i]t does not serve any purpose for more than one federal court to examine whether conditional

certification   of a collective action is appropriate" involving "the same group of employees alleging unpaid overtime."  (Defs.' Mem. at 11.)

Accordingly, the Court has two options: stay or transfer.  While the parties in *Cerami* are engaged in settlement discussions, a settlement has not been reached.[3] Moreover, although both parties proffer staying this matter as an alternative to dismissal or transfer, any resolution that keeps this matter within the District of Minnesota will undoubtedly lead to future motion practice before this Court over decisions made by another federal court—whether a settlement is reached in the *Cerami* action or not. Therefore, in the interests of judicial economy, this Court recommends that (1) Defendants' motion to dismiss be granted in part and denied in part, and (2) this matter be transferred to the Central District of California, Southern Division.

## III.

Because this Court recommends that this matter be transferred to the Central District of California, Southern Division, this Court declines to rule on Plaintiffs' motion for leave to amend their Amended Complaint and defers any such ruling to the transferee court.  *See Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002) ("Generally speaking, a district court relinquishes all jurisdiction over a case when it is transferred to another district."); *Huff v. Transp., Inc.*, No. 06-3695 GPM, 461 F. Supp.2d 853, 854-55 (S.D. Ill. 2006) (transferor court lacked jurisdiction to rule on motions filed after transfer order).

---

[3] At the hearing, counsel for Defendants indicated that drafts of a memorandum of understanding were being exchanged back in forth between the parties.

**IV.**

For the reasons set forth herein, **IT IS HEREBY RECOMMENDED** that:

        1.        Defendants' Motion to Dismiss, Stay or Transfer (Docket No. 21) be **GRANTED IN PART** and **DENIED IN PART**; and

        2.        This matter be **TRANSFERRED** to the United States District Court, Central District of California, Southern Division.


Date: May    11th   , 2012                                  *s/ Tony N. Leung*
                                                   Tony N. Leung
                                                   United States Magistrate Judge
                                                   for the District of Minnesota

                                                   *Swisher v. MetLife Home Loans*
                                                   File No. 12-cv-00133 (MJD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **May 31, 2012**.